## UNITED STATES v. BLACK et al.

### Cr. No. 1266.

District Court, N. D. Indiana,
Fort Wayne Division.

Nov. 25, 1946.

Alexander M. Campbell, U. S. Atty., and H. Hugh Kennerk, Asst. U. S. Atty., both of Fort Wayne, Ind., for the United States.

Frank E. Corbett, J. A. Bruggeman, and John D. Shoaff, all of Fort Wayne, Ind., for defendants.

SWYGERT, District Judge.

The defendants are charged in an indictment with the crime of kidnapping as defined in Sec. 408a, Title 18 U.S.C.A., and with violation of the National Motor Vehicle Theft Act, Sec. 408, Title 18 U.S.C.A. They are indigent persons, and upon their

request, and also by reason of Sec. 563, Title 18 U.S.C.A., the Court has appointed three members of the Fort Wayne Bar as their defense counsel.

Counsel for the defendants have filed motions under Rule 16 of the Federal Rules of Criminal Procedure requesting that the Court require the Government to permit the inspection of any statements made by the defendants and by certain other persons to government agents concerning matters charged in the indictment; the inspection of relevant portions of the reports made by the Federal Bureau of Investigation in connection with the case; the inspection of the minutes of the proceedings before the grand jury; the inspection of any tangible objects obtained from or belonging to the defendants or obtained from others by seizure or by process and now in the Government's possession; and the inspection of any birth certificates of the defendants which have been obtained by the Government.

While the United States Attorney does not oppose the granting of the two latter requests for inspection, he does object to the granting of defendants' other requests for inspection.

Rule 16 reads in part: "* * * the court may order the attorney for the government to permit the defendant to inspect * * * designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable * * *."

■ It is my opinion that the phrase "by seizure or by process" is a limitation on the material which is subject to inspection under the rule irrespective of whether it has been obtained from the defendant or from others. In other words, that phrase qualifies the "books, papers, documents or tangible objects" taken from a defendant as well as from others.

■ As I construe Rule 16, it embraces only those documents and objects which were in existence and in the custody of a defendant or other person prior to the government's obtainment of them by process or seizure. It follows that any statements made to government agents after the commission of the alleged crime are excluded from inspection under the rule. This construction is substantiated by the notes of the Advisory Committee which are to the effect that the theory underlying Rule 16 is that the government must not be allowed to keep in its exclusive possession evidentiary matter which but for its impounding by the government would probably have been accessible to the defendant.

For the reasons expressed, it is clear that the FBI reports do not fall within the class of documents the inspection of which is permissible under Rule 16. It is equally clear that the rule does not authorize the inspection of the records of the grand jury proceedings. United States v. Socony Vacuum Oil Co., 310 U.S. 150, 231, 60 S.Ct. 811, 84 L.Ed. 1129; see also Notes of Advisory Committee on Second Preliminary Draft of the Federal Rules of Criminal Procedure.

In support of the motion, defense counsel have emphasized the fact that the defendants lack funds to pay for an independent investigation. The Court is not unmindful of counsel's handicap in this regard. However, although the circumstances of this case require that the defendants be given the full benefit of Rule 16, the Court cannot expand that rule to embrace material not comprehended by it.

The motions are denied except as to those requests to which the Government has not objected.