## UNITED STATES v. CHANDLER.

### Cr. No. 17667.

District Court, D. Massachusetts.

April 28, 1947.

See also 72 F.Supp. 230.

George F. Garrity, U. S. Atty., and Gerald John McCarthy, Asst. U. S. Atty., both of Boston, Mass., Oscar R. Ewing, Sp. Asst. to the Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., Clyde E. Gooch and Tom DeWolfe, Sp. Assts. to the Atty. Gen., and Samuel C. Ely and Victor C. Woerheide, Sp. Attys., both of Washington, D. C., for plaintiff.

Claude B. Cross and Edward C. Park, both of Boston, Mass., for defendant.

FORD, District Judge.

This motion contains a request under Rule 16, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, to inspect and copy or photostat 20 writings of an assorted nature. The government attorneys have agreed with counsel for the defendant to furnish them with most of the documents and records which they actually have in their possession and the controversy at present involves items 14: "All typewritten statements prepared by the defendant and delivered to any member or representative of the United States Government"; 17: "A statement prepared by the defendant in Paris in 1945 outlining his activities in Germany, which was delivered to one of the representatives of the United States Government"; and 20: "Any and all recordings which it is claimed were made by the defendant, taken by the Government from anyone."

Rule 16, Federal Rules of Criminal Procedure, relates to documents in the possession of the government "obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable." The following statement made by a member of the Supreme Court Advisory Committee at the Institute on the rule conducted by the New York University School of Law explains the purpose of this rule: He stated: "It often happens when a prosecution is begun by presenting a case to the grand jury that the government seizes books and papers and property and has them impounded so that it (sic) is within the exclusive jurisdiction and possession of

the United States Attorney. It often happens, too, that the defendant needs to have access to some books, papers, and objects in order properly to prepare his defense, * * *."

In the Preliminary Draft of the Federal Rules of Criminal Procedure, the rule (then Rule 19) with respect to discovery and inspection did not limit the discovery to designated books, etc., "obtained from or belonging to the defendant." There the rule referred to "any" designated books, etc. In the second preliminary draft the rule referred to "designated books, etc., obtained from or belonging to the defendant or constituting evidence in the proceedings, * * *." The rule as finally adopted has been set out above.

It is apparent the scope of the rule has been somewhat narrowed and the question to be decided here is whether any of the documents or records sought in the motion either were obtained from, or belonged to, the defendant, or were taken from others by seizure or by process. The defendant has failed to support the affirmative of any of these requisites with respect to the items set out above. If any statements were made by the defendant after his arrest, it is obvious these were not material taken from him or belonging to him and there is no evidence with respect to item 20 that the government has in its possession any property seized from others. However, the government does have in its possession recordings of broadcasts which it stated at the oral hearing on this motion were procured from the Russians after the collapse of the German Reich. These recordings were not seized nor obtained by process from the Russians. The government does not stand in the position of having prevented the defendant from securing these records by obtaining them in the first instance. The defendant never would have been able to secure them on process and it does not seem that the conditions of the rule exist wherein discovery may be sought.

The motion is denied with respect to the items involved.