**UNITED STATES v. SCULLY et al.**

United States District Court
S. D. New York.
March 26, 1954.

See also, 119 F.Supp. 225.

J. Edward Lumbard, U. S. Atty., New York City, by James B. Kilsheimer, III, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Paul O'Dwyer, New York City, for defendant, Harry Halpern.

GODDARD, District Judge.

This is a motion by defendant, Halpern, for the pretrial production of documents called for in his subpoena pursuant to Rule 17(c), 28 U.S.C.A. The subpoena seeks a statement given by Halpern to government agents in late 1953. It also seeks the documents said to be forged and counterfeited to effect the conspiracy alleged in the indictment.

The government has consented to the latter request and the only question now open is the production of·the statement of the defendant.

There is no question that prior statements of a defendant made to the government are subject to pretrial production under Rule 17(c). Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; Fryer v. United States, 1953, D.C.Cir., 207 F.2d 134. However, it has been consistently held that whether pretrial production of documents subject to subpoena should be required is discretionary with the court.

Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635, held that such a prior statement of a defendant was not within the reach of Rule 16. But it declared, 174 F.2d at page 844:

"And even if a confession had been within the rule, it still would have to be remembered that any right under the rule was not an absolute one but one resting in the court's discretion."

United States v. Pete, D.C., 111 F.Supp. 292, denied the pretrial inspection of the defendant's statement, under Rule 16, in the absence of any showing of necessity.

Although Rule 17(c) does not in words require, as does Rule 16, a showing that "the items sought may be material to a preparation of his defense", judicial construction has held that a showing of good cause is also required under Rule 17(c) for pretrial production. United States v. Iozia, D.C., 13 F. R.D. 335.

While the D. C. Circuit held in the Fryer case, supra, decided on July 7, 1953, that it was error, although not prejudicial, apparently because it was made available at the trial, to have refused pretrial production under Rule 17 (c), more recent cases in this district have denied it under Rule 17(c) in the absence of the showing of good cause. United States v. Lowenthal, D.C., unreported C139–222, January 19, 1954; United States v. Cohen, D.C., 15 F.R.D. 269. United States v. Branch, D.C., another unreported decision in this district, C143–24, February 3, 1954, also denied such a motion. However, in that case it is not clear whether the motion was brought under Rule 16 or Rule 17(c).

In view of the fact that Rule 17(c) provides that the court "may direct" pretrial production, I do not consider that the Fryer decision is to be read as requiring it in every case. If such production were freely granted in the absence of a showing of good cause, it might well create the danger of the "doctoring" of testimony to fit the statement, if not the facts, and take away from the trial a certain spontaneity which is so often helpful in arriving at the truth. I feel that I should follow the practice in this district.

The defendant states that he needs it because he must otherwise rely on his memory as to what he said in his statement. But, if the defendant told the truth in his statement, the facts have not changed and he can thus inform his attorney as to what he said. This is not a case where the long passage of time may have dimmed his recollection of the statement. I cannot see that this alone is a showing of good cause. It does not appear that it is necessary to prepare his defense.

Motion denied for lack of a showing of good cause.