**UNITED STATES of America**

**v.**

**LOUIE GIM HALL and Wong Suey Loon, Defendants.**

United States District Court
S. D. New York.
Jan. 12, 1956.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for the United States. Walter L. Stratton, Asst. U. S. Atty., New York City, of counsel.

Harry M. Peyser, New York City, for defendant Wong Suey Loon.

Abraham H. Brodsky, New York City, for defendant Louie Gim Hall.

IRVING R. KAUFMAN, District Judge.

Both defendants in this action are under indictment and awaiting trial on a bribery charge. By this motion, defendant Wong Suey Loon seeks an opportunity to examine before trial two statements—one signed, the other unsigned—which he made to government agents shortly after his arrest.[1] He contends that he is entitled to this relief under either Rule 16 or Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. He thus raises the question of the scope of both these rules, a question upon which judicial opinion is divided.

Rule 16 is the sole discovery device of the Criminal Rules, and it provides for discovery of "documents or tangible objects, obtained from or belonging to the defendant" upon a showing that the request is reasonable and that

---

[1] Defendants actually sought production of any statements which had been made by either Louie Gim Hall or Wong Suey Loon during their arrest. The Assistant United States Attorney in charge of this case has averred, however, that none of the oral admissions made by Louie Gim Hall were ever taken down in shorthand, so the government has no copy of his statements. It has in its possession only two statements by Wong Suey Loon; accordingly I shall treat this motion as if made solely for their production.

the items sought may be material to the preparation of defendant's case. At the time of the adoption of these Rules, almost all the common-law jurisdictions in this country denied to the criminal defendant any right to pretrial inspection and discovery; this denial even extended to a defendant's written confession. The courts had, however, on occasions ordered that defendant be given an opportunity to inspect impounded documents belonging to him. The Advisory Committee Note indicates that Rule 16 was intended as a restatement of that latter procedure, and analysis of its historical background indicates quite clearly that it was not the intent of its drafters to extend discovery to statements made by the defendant when in custody. Such an intent would certainly have been set forth explicitly in light of the practice then prevailing denying discovery in criminal cases, and most decisions construing Rule 16 have so held. Shores v. United States, 8 Cir., 1949, 174 F.2d 838; United States v. Kiamie, D.C.S.D.N.Y.1955, 18 F.R.D. 421; United States v. Peltz (Peller), D.C.S.D.N.Y.1955, 18 F.R.D. 394. The latter case, decided by Judge Herlands, is a scholarly opinion containing an excellent discussion of the historical background of Rules 16 and 17(c) and the cases interpreting these rules.

Several judges have disagreed, and have held that such statements were "obtained from" the defendant within the meaning of Rule 16. United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423; United States v. Klein, D.C.S.D.N.Y. 1955, 18 F.R.D. 439; cf. United States v. Pete, D.C.D.C.1953, 111 F.Supp. 292. I feel, however, that their decisions, although perhaps in keeping with a tradition of enlightened fair play, are not an accurate interpretation of the power given to the courts by that Rule. I must scrupulously disregard my personal views of what would be a wise policy and thus avoid taking sides in the philosophical schism which already exists. I must instead devote myself to the standards of statutory construction appropriate for judges. The Rule must be obeyed, and it is no answer to say that in its enactment generosity has been ignored. "A community whose judges would be willing to give it whatever law might gratify the impulse of the moment would find in the end that it had paid too high a price for relieving itself of the bother of awaiting a session of the Legislature and the enactment of a statute in accordance with established forms." Cardozo, C. J., in Doyle v. Hofstader, 1931, 257 N.Y. 244, 268, 177 N.E. 489, 498, 87 A.L.R. 418.

Unlike Rule 16, Rule 17(c) was not intended as a discovery device, and to permit its use for discovery would negate the restrictions of the former Rule. Rule 17(c) was intended merely to provide for return before trial of an ordinary trial subpoena where inspection of the subpoenaed documents at the trial itself might cause unnecessary delay. The subpoena must represent a good-faith effort to obtain evidence and cannot be a fishing expedition into the government's case. Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335; United States v. Mesarosh, D.C.W.D.Pa.1952, 13 F.R.D. 180.

I cannot consider the instant motion to be a bona fide effort by defense to obtain anything which possibly could be used as evidence. If the statements contain damaging or impeaching admissions, it is doubtful if defendant will introduce them at the trial, and if the statements support his testimony at the trial, they will be mere surplusage. Defendant seems rather to be attempting to discover the government's case under the guise of pre-trial inspection.[2] Further, I cannot

2. We must not lose sight of the distinction between the right to discover in advance of trial, which is the problem involved here, and that of inspection of a statement or confession at the trial itself.

see how, in the instant case, postponing inspection until trial will cause any undue delay at the trial, assuming defendant can use these statements as evidence. The affidavit of the Assistant United States Attorney in charge of this matter indicates that one of the statements sought contains approximately 668 words, and that the other is five pages long. His elapsed reading time for both documents was well under ten minutes. Moreover, he avers that at an earlier trial of this same action, the substance of both these statements was set forth in the testimony of F. B. I. Agent John V. Walsh, who was cross-examined at length by defense counsel, one of whom still represents Wong Suey Loon and has a copy of the transcript of that trial. Clearly, neither equitable nor legal considerations favor ordering the production of these statements before the trial. Motion denied. So ordered.