UNITED STATES of America

v.

Michael PATRISSO, Edward Ellis, Monroe Postrel and Simon Mankes, Defendants.

United States District Court
S. D. New York.
June 3, 1957.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, William K. Zinke, Asst. U. S. Atty., New York City, of counsel, for United States.

Theodore T. Weiser, New York City, for defendant Monroe Postrel.

LEVET, District Judge.

One of the above-named defendants, Monroe Postrel, has moved for an order pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to examine and make copies of statements taken from the said defendant and from a witness, Stanley Jawor.

The indictment, filed on July 2, 1953, charged defendant Postrel with possession of television and radio tubes stolen from interstate commerce, transporting the same in interstate commerce, and conspiracy with other defendants in so doing. This indictment is based on certain transactions which allegedly took place in May, 1953. The defendant Postrel claims that his recollection of what occurred has grown dim and that his records are no longer available, the corporation for which he worked having gone into bankruptcy. He points out that the government has delayed trial of this case for almost four years from the time of his arrest.

The defendant further stated that he was originally "detained" by the government on May 29, 1953, and was subjected to questioning by government agents; that he does not remember any of the things he was asked and that this was due to emotional conditions.

Now the defendant states that he intends to take the stand in his own defense; that he is innocent of the charges and he desires to demonstrate his innocence and that he cannot do so unless he has an opportunity to see the statements and refresh his recollection of what is contained in them.

He further states that he has attempted to refresh his own recollection by talking to Stanley Jawor, the witness referred to above, who, defendant states, was in charge of the tubes and inventory for the corporation for which both worked; that neither the defendant nor Jawor is able to refresh his recollection.

This application is made by notice of motion dated April 10, 1957, returnable April 22, 1957. No explanation of why the same was not made before is submitted, except that it is stated that the present attorney was not retained until March, 1957.

The relevant portion of Rule 16 of the Federal Rules of Criminal Procedure is as follows:

### "Discovery and Inspection

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable."

This question as to whether such rule contemplates discovery and inspection of a statement made by a defendant to the United States Attorney has vexed the members of this court. Some of my associates have drawn one conclusion, while others have reached an opposite determination.

Pretrial examination of defendant's statements have been granted in the following cases in this district: United States v. Peace, D.C.1954, 16 F.R.D. 423; United States v. Klein, D.C.1955, 18 F.R. D. 439; United States v. Singer, D.C. 1956, 19 F.R.D. 90; United States v. Schluter, D.C.1956, 19 F.R.D. 372. Judge Edward Weinfeld in United States v. Peace, supra, seems to have ruled that the defendant's statement was "obtained" from him within the ambit of Rule 16. Judge Sugarman in United States v. Klein, supra, followed this conclusion. Judge Dawson in United States v. Singer, supra, in distinguishing between signed and unsigned statements, applied Rule 16 to statements signed by the defendant. Judge Ryan in United States v. Schluter, supra, likewise appears to have decided that a defendant's statements come within the terms of Rule 16, and upon discretion may be made available to the defendant. However, this was not the view taken in the following opinions in this district: United States v. Peltz, D.C.1955, 18 F.R.D. 394; United States v. Louie Gim Hall, D.C.1956, 18 F.R.D. 384, reversed on other grounds, 2 Cir., 245 F.2d 338; United States v. Kiamie, D.C.1955, 18 F.R.D. 421.

In United States v. Peltz, supra, Judge Herlands determined that an unsigned copy of a transcript of a statement given by a defendant to an Assistant United States Attorney was not within Rule 16.

In United States v. Louie Gim Hall, supra, Judge Irving R. Kaufman decided that neither a signed nor an unsigned statement of a defendant made to government agents shortly after his arrest was properly within the discovery provisions of Rule 16. It does appear that at an earlier trial of the same action the substance of the statements was set forth in the testimony of an F. B. I. agent who was examined at length by defense counsel and who appears to have had a copy of the transcript. Judge Kaufman concluded that neither equitable nor legal considerations favored ordering the production of these statements before trial.

In United States v. Kiamie, supra, unsigned statements were involved.

In United States v. Louie Gim Hall, after judgment of conviction the defendants appealed to the Circuit Court of Appeals and the question of the denial of the pretrial motion to inspect the statements made by defendant Wong Suey Loon following his arrest was raised. However, since the judgment was reversed on other grounds, no clearcut determination was made by the Cir-

cuit Court on the question relative to the statement. The court stated as follows:

"* * * Since we have decided that the judgment of conviction must be set aside, and the statements have now been disclosed by the prosecution, we need not decide whether the District Court has the power to order such a disclosure, a question of no little difficulty. See, e. g., Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; Shores v. United States, 8 Cir., 174 F.2d 838, 11 A.L.R.2d 635; State v. Tune, 13 N.J. 203, 98 A.2d 881; compare United States v. Peltz, D.C., 18 F.R. D. 394, with United States v. Peace, D.C., 16 F.R.D. 423. We deem it not improper to add, however, that, if such power does exist, Judge Kaufman properly exercised his discretion in denying the motion for the reasons stated by him in his opinion reported at D.C., 18 F.R.D. 384." [245 F.2d 341.]

With due respect to those of my associates who have held otherwise, it is my considered opinion that a statement of a defendant made to the United States attorney after arrest, even though signed by him, is not a paper or document obtained from or belonging to the defendant within the terms of Rule 16 of the Federal Rules of Criminal Procedure. See United States v. Peltz, D.C., 18 F.R.D. 394, in which Judge Herlands wrote an extensive and erudite opinion on this subject; Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17; Shores v. United States, 8 Cir., 1949, 174 F.2d 838.

However, even if it be assumed that the statement of the defendant Monroe Postrel is within the terms of Rule 16, it is my opinion that there are insufficient facts to warrant the discretionary grant of the permission sought.

This court is not impressed with the defendant's contention that in the one episode in his life in which he was involved in a criminal accusation he is now without memory with regard to the facts involved. The gravamen of his two affidavits is that he wishes to know the numbers of the television tubes involved or alleged to be involved. This he may obtain by an examination of the tubes as "tangible objects" referred to in Rule 16 of the Federal Rules of Criminal Procedure.

Accordingly, the motion to examine the statement of the defendant Monroe Postrel and to make copies thereof is denied, and the motion to examine the statement of the witness Stanley Jawor is likewise denied. The order, however, may provide for the examination of the tubes referred to in the indictment, provided they are in the possession of the United States Attorney. Except as stated, the motion is denied.

Settle order on notice.