**UNITED STATES v. CARTER.**

**UNITED STATES v. WATSON.**

Crim. A. Nos. 359–54, 254–54.

United States District Court
District of Columbia.
April 14, 1954.

James J. Laughlin, Washington, D. C., for the motions.

Arthur McLaughlin, and E. Riley Casey, Asst. U. S. Attys., Washington, D. C., opposed.

HOLTZOFF, District Judge.

The question presented by these motions is whether a defendant in a criminal case is entitled as a matter of right to inspect, prior to the trial, all statements of potential witnesses in the files of the Government, in the light of Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. This question is answered in the negative.

Each of these motions requests "an order authorizing discovery and inspection * * * to the extent that the defendant have copies of all statements made by witnesses who will testify against him, including any statement made by the defendant." Actually, however, the defendant relies on the last sentence of Rule 17(c) of the Federal Rules of Criminal Procedure, which reads as follows:

"(c) *For Production of Documentary Evidence and of Objects.* A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

Counsel agreed on the argument that these motions should not be treated as motions for discovery, but should be dealt with as motions under the last sentence of Rule 17(c), for orders directing that the statements be produced prior to the trial and that inspection by defendants' counsel be permitted at that time. In order to avoid disposition of the matter on technicalities, the court will consider these motions from that standpoint. The motions are not supported by any affidavits, or by any showing of good cause.

The only rule relating to discovery in criminal cases in the Federal courts is Rule 16 of the Federal Rules of Criminal Procedure, which reads as follows:

"*Discovery and Inspection.* Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. * * * "

It will be observed that in criminal cases discovery in behalf of the defendant is limited to papers and objects obtained from or belonging to the defendant, or secured from others by seizure or by process. Even then the Rule requires an affirmative showing that the items are material to the preparation of the defense, and that the re-

quest is reasonable. There is no reciprocal right of discovery in favor of the Government, since such discovery would probably be a violation of defendant's constitutional rights. The situation is entirely different from that presented in civil cases, in which the modern policy is that utmost liberality should prevail in favor of each party as against the other. Even in civil cases, however, the Court of Appeals for this Circuit has placed some drastic limitations on disclosure of statements of witnesses.[1]

■ In this instance defendants do not claim any rights under Rule 16, but rely solely on Rule 17(c) quoted above. Rule 17, however, is not intended as a discovery rule. The Advisory Committee in drafting the Rules indicated, by the manner in which Rule 16 is circumscribed and safeguarded, that only a narrow discovery should be permitted in criminal cases. Rule 17 relates to the issuance of subpoenas. Rule 17(c) deals with subpoenas *duces tecum* and is for the most part a restatement of preexisting law. It makes an addition, however, to the effect that the court *may* [2] direct that a subpoena *duces tecum* be returnable prior to the trial, and *may* permit the documents and objects that have been subpoenaed to be inspected on the return day. The purpose of this Rule was not to grant additional discovery, but merely to facilitate and expedite trials, in order that a trial may not be delayed while counsel are examining voluminous documents produced in response to subpoena. It was contemplated that a Rule such as this would be particularly helpful in protracted trials in which there is a mass of documentary evidence, such as antitrust cases, mail fraud cases, and other similar proceedings. The second sentence of the Rule indicates that the entire matter is in the discretion of the court, since it expressly authorizes the court to quash or modify a subpoena *duces tecum* if compliance would be unreasonable or oppressive. To construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations.

■ Manifestly a subpoena *duces tecum* may be used only for the production of documents that are admissible in evidence, and in addition, at most, for the production of documents that may be used for the purpose of impeaching a witness called by the opposing party. A subpoena *duces tecum* may not be used for the purpose of discovery, either to ascertain the existence of documentary evidence, or to pry into the case of the prosecution. That this was the intention of the draftsmen of the Rules is indicated by the Committee notes to the Second Preliminary Draft of the Rules. The note to Rule 19(c), as it was numbered in that Draft, reads as follows:

"The last sentence provides for a method by which the court may permit either side to inspect subpoenaed documents or objects under the supervision of the court. It is inserted in the interests of fairness and for the purpose of preventing delay during the trial, particularly in cases where numerous documents may have been subpoenaed."

■ Obviously, statements of witnesses are not admissible in evidence. Neither may they be used for impeachment purposes unless the witness is actually called by the Government. Statements are often obtained from potential witnesses who eventually are not called to testify. Moreover, the Government is not required to determine in advance what witnesses will be used at the trial. The exigencies of a trial frequently require such decisions to be made at the

---

1. Martin v. Capital Transit Co., 83 App. D.C. 239, 170 F.2d 811; Safeway Stores v. Reynolds, 85 App.D.C. 194, 176 F.2d 476.

2. Manifestly "may" means, "may in its sound discretion".

last moment. Consequently, the express restriction contained in the motions to statements of "witnesses who will testify against him" (i. e., the defendant) is not realistic or practicable. For these reasons a defendant in a criminal case is not entitled to an unbridled disclosure and inspection of statements of witnesses contained in the files of the Government. In their broad form the motions must be denied. They will be granted to the limited extent only, as hereinafter indicated.

This Rule has been considered in two cases that have reached the appellate courts. In United States v. Bowman Dairy Co., 7 Cir., 185 F.2d 159, at page 164, Judge Duffy, after discussing the matter in detail, summarizes his views as follows:

> "Although the language of Rule 17(c) is broad, the rule is only one in an integrated group for the regulation of procedure in criminal cases in federal courts. It must be read with the other rules in mind, and particularly Rule 16. It should not be construed so that the carefully drawn limitations in Rule 16 become meaningless. It is our view that Rule 17(c) provides for the traditional type of trial subpoena, although as a matter of convenience it may be made returnable before the actual date of trial. However, it may not be converted into an unrestricted pre-trial discovery device."

Judge Major, in a concurring opinion, made the following observations, which are of the same tenor although more emphatic 185 F.2d at pages 165–166:

> "It borders on the absurd to argue for a construction of Rule 17(c) which would confer on a defendant an unlimited right of production by the government when such right has been definitely limited in Rule 16 by exact and specific language.

\* \* \* \* \* \*

> "Defendants' construction of Rule 17 not only brings it in irreconcilable conflict with Rule 16 but strips the latter of all meaning. If such construction be accepted, I perceive no reason why a defendant would ever proceed under Rule 16. Why bother to go into court and obtain an order directing the government to make the limited production required under Rule 16 when much more could be obtained merely by filling in the blank space of a subpoena as provided for in Rule 17?"

Judge Lindley, who dissented from the actual result reached, nevertheless, made the following significant comment 185 F.2d at page 167:

> "I recognize that the extent of the relief to be granted under Rule 17(c) lies wholly within the discretion of the trial court".

When the Bowman Dairy case reached the Supreme Court, 341 U.S. 214, 220, 71 S.Ct. 675, 679, 95 L.Ed. 879, Mr. Justice Minton discussed this subject in the following manner:

> "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum*, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena *duces tecum* to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials. United States v. Maryland & Virginia Milk Pro-

ducers Ass'n, D.C., 9 F.R.D. 509.[3] However, the plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial. There was no intention to exclude from the reach of process of the defendant any material that had been used before the grand jury or could be used at the trial. In short, any document or other materials, *admissible as evidence*, [emphasis supplied] obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena."

 From the foregoing discussion, the following principles emerge as to the construction of Rule 17(c):

1. Discovery in criminal cases in the Federal courts is governed by Rule 16 of the Federal Rules of Criminal Procedure. Rule 17(c) is not a discovery rule but a device whereby a subpoena *duces tecum* in a criminal case may be made returnable prior to the trial, and the subpoenaed documents or objects made subject to inspection by counsel on the return day.

2. Whether an application under Rule 17(c) should be granted is within the sound discretion of the trial court.

3. Rule 17(c) is applicable only to such documents or objects as would be admissible in evidence at the trial, or which may be used for impeachment purposes.

4. Rule 17(c) does not extend broadly to statements of witnesses, since such statements are not admissible in evidence. While they may be invoked for impeachment purposes, such use may be made only in the event that the witness testifies at the trial. The Government does not necessarily call at the trial all witnesses from whom it has obtained statements, or always decide in advance exactly what witnesses it will present, since this matter is frequently governed by the exigencies of the trial. Moreover, the Government is under no obligation to disclose the names of its witnesses in advance, except in capital cases.[4]

5. A written statement made and signed by the defendant should be subject to inspection under Rule 17(c). In fact, it has been the invariable practice of several judges of this court, including myself, to direct the United States Attorney, on application of defense counsel, to permit the latter to inspect prior to the trial any written statement signed by the defendant and in the possession of the Government. This course seems both sensible and fair.

6. If a witness is called by the Government, any written statement signed by the witness in its possession should be made available to defense counsel prior to cross-examination, in order that it may be used for impeachment purposes, if need be. Fairness and justice obviously require this course. As a matter of fact, it has been uniformly pursued by several judges of this court, including myself. There is no reason, however, why such a statement should be examined in advance of the trial, since the witness may not eventually be called to testify.[5]

---

3. The case cited as authority is a decision of this court, which contains the following discussion. 9 F.R.D. at page 510:
 "The purpose of this provision is a limited one. It is to make it possible to require the production before the trial of documents subpoenaed for use at the trial. Its purpose is merely to shorten the trial. It is not intended as a discovery provision."

4. E. g. A bill of particulars disclosing names of witnesses will not be ordered. Jones v. United States, 9 Cir., 162 F. 417, 420; United States v. Schneiderman, D.C., 104 F.Supp. 405, 408.

5. Counsel for the defendants in the memorandum submitted in support of these motions, suggests that at the trial there may not be sufficient time and oppor-

Counsel for the defendants relies on the decision of the Court of Appeals for this Circuit in Fryer v. United States, 207 F.2d 134, 138. This case, however, does not support his contentions. It is elementary that in reading and applying decisions of the courts, expressions contained in an opinion must be considered in conjunction with the facts of the case, and the actual decision must be construed as being limited to them.[6] The Fryer case involved a charge of murder in the first degree. The court expressly called attention to the fact that in capital cases the pertinent statute [7] required the Government to furnish the defendant, at least three days prior to the trial, with a list of the names of witnesses to be produced on the trial. Therefore, since the Government is under a duty to decide in advance just what witnesses it will call at the trial and to inform the defendant of the names of such witnesses, the Court of Appeals reached the conclusion that it was appropriate to require the Government to disclose to defense counsel in advance of the trial for possible impeachment purposes signed statements that had been previously obtained by the Government from them. In all other cases, however, the Government is under no duty either to decide in advance what witnesses it will call, or to disclose their names to defense counsel. Consequently, the ruling in the Fryer case must be deemed limited to capital cases.

Even at that, the decision of the Fryer case was reached by a vote of two-to-one. Judge Wilbur K. Miller dissented with the following comment:

"I do not agree with the court's interpretation of Rule 17(c)."

This situation poses a problem for the bench and bar, namely, to what extent a two-to-one decision of a court composed of nine judges is to be deemed binding except as *res adjudicata* in the specific case, since other panels of the same court may subsequently reach a different conclusion. This is particularly true in this case, because other panels of the Court of Appeals for this Circuit have held that statements of witnesses in civil cases are not subject to discovery except on an affirmative showing of good cause.[8] *A fortiori*, it is reasonable to assume that judges who are of the opinion that statements of witnesses in civil cases are not subject to broad discovery, unless in exceptional situations upon a showing of good cause, would naturally rule that such a discovery should not be extended to statements of witnesses in criminal cases.

As a matter of public policy and in the interest of the protection of the community, defendants should not be permitted as a matter of right to inspect statements of witnesses contained in Government files, unless in exceptional and unusual situations. To permit such unbridled and unlimited inspection in every case may result in a defeat of justice. It may lead to fabrication of countervailing testimony, to intimidation of witnesses, to bribery of witnesses,

tunity to read such a statement carefully. This court is of the opinion, however, that this contention is not well founded, since there is no doubt that the trial judge will accord full opportunity for that purpose.

6. Cohens v. Virginia, 6 Wheat. 264, 398, 5 L.Ed. 257.

7. 18 U.S.C. § 3432.

8. Martin v. Capital Transit Co., 83 App. D.C. 239, 170 F.2d 811, in which Mr. Justice Stephens wrote the opinion; and Safeway Stores v. Reynolds, 85 App.D.C. 194, 176 F.2d 476. It is true that in the Martin case, Mr. Justice Stephens referred to the fact that Rule 34 of the Federal Rules of Civil Procedure expressly requires a showing of good cause. However, the second sentence of Rule 17(c) plus the use of the word "may" in the third sentence, clearly indicate that relief under that rule is in the sound discretion of the trial judge, and discretion is necessarily exercised on the basis of presence or absence of good cause.

and other similar consequences. This remark is not intended as a reflection on members of the bar. It is a well known fact, however, that in criminal cases particularly, counsel frequently cannot control their clients, and that defendants themselves at times resort to unscrupulous methods to thwart the ends of justice. These considerations do not exist in civil cases.

In conclusion, the motions will be disposed of as follows:

1. The United States Attorney is directed to allow prior to trial an inspection by defense counsel of any written signed statements obtained from the defendants, if any such statements are in existence.

2. The United States Attorney is directed to exhibit to defense counsel at the trial after any witness is called and sworn in behalf of the Government any and all written signed statements previously obtained by the Government from that witness, if any such statements are in existence.

3. In all other respects the motions are denied.