**UNITED STATES of America,**

v.

**Fareed N. KIAMIE and Kiamie Manufacturing Co., Inc., Defendants**
**(two cases).**

United States District Court
S. D. New York.
Dec. 21, 1955.

Paul W. Williams, U. S. Atty. for Southern Dist. of N. Y., New York City, for plaintiff (Robert K. Ruskin and John C. Lankenau, New Rochelle, of counsel).

Garey & Garey, New York City, for defendants (Jacob J. Rosenblum and Edward T. Perry, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

These are cross motions calling for resolution of the recurring problem of the construction of Rules 16 and 17(c) of the F.R.C.P., 18 U.S.C.A. Defendant Fareed N. Kiamie moves for discovery and inspection of his own question and answer statement taken by the Internal Revenue Bureau and those of four of his employees all taken stenographically but not signed some five years ago. In aid of this motion defendant served a subpoena under Rule 17(c) for the same papers and the government moves to quash.

The issues involved have been litigated many times in the past—the most recent example in this court being Judge Herlands' excellent opinion of November 29, 1955. United States v. Peltz, D.C. S.D.N.Y.1955, 18 F.R.D. 394. But in view of the importance of the questions presented and the considerable confusion that exists in this area it seems desirable to re-examine the problems in some detail.

With respect to defendant's own statement under Rule 16, the overwhelming weight of authority would deny such inspection. Only three cases have been found to the contrary. In United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423, while admitting that there was considerable authority against it, Judge Weinfeld permitted the defendant to inspect his own statement, relying on some uncited cases in the District Court of the District of Columbia. Judge Sugarman followed suit in United States v. Klein, D.C.S.D.N.Y.1955, 131 F.Supp. 807, relying solely upon Judge Weinfeld in a brief memorandum. The only other case which would bolster defendant's position is United States v. Pete, D.C.D.C.1953, 111 F.Supp. 292, relying upon the same uncited cases. The motion in the latter case, however, was denied as a matter of discretion.

The cases to the contrary are both more numerous and persuasive. Of particular importance is the legislative history and Advisory Committee comment concerning the scope and purpose of Rule 16. See United States v. Chandler, D.C.Mass.1947, 7 F.R.D. 365; Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 843, 11 A.L.R.2d 635 and United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394. Rule 16 was intended to give only a limited right of discovery, Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879, and this becomes quite obvious when the rule is read in the light of its tentative drafts (see Footnote 5 to United States v. Peller). Finally, there are the notes of the Advisory Committee on Rules— "The courts have, however, made orders granting to the defendant an opportunity to inspect impounded documents belonging to him. (Citations omitted). The rule is a restatement of this procedure." Since under this interpretation the defendant's unsigned statement was neither a paper taken from him or belonging to him, so much of the govern-

ment's motion as pertains to the statement under Rule 16 is granted.

The defendant, however, also relies upon Rule 17(c). "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17[(c)] to give a right of discovery in the broadest terms. * * * Rule 17(c) was not intended to provide an additional means of discovery." Bowman Dairy Co. v. U. S., 1951, 341 U.S. 214, 71 S.Ct. 675, 679. This is the pivot upon which all discussion of the inter-relationship between Rule 16 and 17(c) must turn. The Supreme Court then goes on to say, "In short, any document or other materials, *admissible as evidence* [emphasis supplied] obtained by the government by solicitation or voluntarily from third persons is subject to subpoena." Ibid. 341 U.S. at page 221, 71 S.Ct. at page 679. "The purpose of this provision is a limited one. It is to make it possible to require the production before the trial of documents subpoenaed for use at the trial. * * * It is not intended as a discovery provision. * * * It is well settled that in a criminal case, unlike a civil action * * * a right of broad discovery does not exist. As I said before, Rule 17(c) was not intended to be a discovery provision, but merely a means to make a subpoena duces tecum returnable prior to the trial in order that time at the trial may be saved while documents are being examined and inspected." United States v. Maryland & Virginia Milk Producers Ass'n, D.C.D.C. 1949, 9 F.R.D. 509, 510. This it seems should be the true interpretation of the rule. Admittedly, later cases have deviated from it. United States v. Cohen, D.C.S.D.N.Y.1953, 15 F.R.D. 269; United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367; United States v. Scully, D.C. S.D.N.Y.1954, 15 F.R.D. 402; Fryer v. United States, D.C.Cir., 1953, 207 F.2d 134, but I am persuaded by the sound reasoning of United States v. Peltz, D. C.S.D.N.Y.1955, 18 F.R.D. 394. Grant-

ing the government's motion to quash does no violence to the spirit or language of the Supreme Court in the Bowman case. Its use of the words "admissible as evidence" gives clear indication that the rule was formulated to aid defendants in securing documents which they wanted to introduce in evidence at the trial. Here no such intention exists. The defendant wishes the statement as an aid to preparing his case before trial. The statement, if it supports his testimony at the trial, would be so much surplusage; if it impeaches him it is doubtful he would make much use of it.

■ What has been said above pertaining to the purpose and scope of Rule 17(c) is equally applicable with reference to the witnesses' statements. While it is true that there are cases indicating that a witness' statement does fall within the scope of the rule, Fryer v. United States, D.C.Cir., 1953, 207 F.2d 134; United States v. Iozia, D.C.S.D.N.Y. 1952, 13 F.R.D. 335; United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423, the same considerations which led to a granting of the government's motion to quash the subpoena requiring production of the defendant's statement dictate a similar result here. Such a denial is not without precedent. United States v. v. Brumfield, D.C.W.D.La.1949, 85 F. Supp. 696; United States v. Carter, D.C. D.C.1954, 15 F.R.D. 367; United States v. Brown, D.C.N.D.Ill.1955, 17 F.R.D. 286. All of the above cited cases deal with motions to inspect the statements of government witnesses. Only one case has been found where defendant sought leave to inspect the statement of his own witness, U. S. v. Echeles, 7 Cir., 1955, 222 F.2d 144. Such inspection was denied. The government's motion to quash is granted and defendant's motion denied since the statements are not admissible in evidence as the Bowman case requires.

■ Motions under Rules 16 and 17(c) are addressed to the discretion of the court. The requirement of good cause is written into Rule 16 and has been supplied by judicial interpretation to Rule 17(c). United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335. Affidavits of the defendant and his witnesses contain statements to the effect that they can remember their statements in only the most general terms. The interrogation took place in 1950 and concerned events during 1944–47. Defendant further alleges that examination of the statements is necessary in order to properly prepare for trial. Such conclusory allegations of good cause do not persuade me. Defendant's motion is denied, therefore, on the additional ground of the exercising of my discretion.

This is an order. No settlement is necessary.