**UNITED STATES of America,**
**Plaintiff,**

v.

**Paul SINGER, Jerome M. Schneider and Morris Schwartzstein, Defendants.**

United States District Court
S. D. New York.
March 19, 1956.

Paul W. Williams, U. S. Atty., for the S. D. of New York, New York City, for plaintiff. Eliot H. Lumbard, Asst. U. S. Atty., New York City, of counsel.

Irving J. Berman, New York City, for defendant Paul Singer.

DAWSON, District Judge.

This motion raises the question whether a defendant in a criminal proceeding

should be given permission to inspect and copy a statement signed by him and given to government agents after his arrest and before his arraignment.

The motion is one for an order permitting the defendant Paul Singer to inspect and copy or photograph books, papers, and documents obtained from the defendant, and to copy or photograph a statement which the government agents obtained from the defendant. The indictment charges a violation of § 2312 of Title 18, United States Code, relating to the transportation of stolen motor vehicles in interstate commerce, knowing the same to be stolen, and of § 371 of Title 18, United States Code, relating to a conspiracy among the defendants to violate that section.

It appears from the motion papers, without dispute, that at the time of the arrest of the defendant Paul Singer, the agents of the Federal Bureau of Investigation took into their possession certain papers, books, and documents belonging to the defendant. Shortly thereafter, and before he was brought before the Commissioner, the government agents obtained a statement from him, signed by him, relating to his receipt and purchase of certain motor vehicles and the transportation of the same in interstate commerce.

The government has stated that it has no objection to an order permitting the inspection, copying, or photographing of the books, papers, and documents obtained from the defendant. The government does, however, object to the relief sought insofar as it seeks an order to permit the defendant to copy or photograph the statement which the agents of the Federal Bureau of Investigation obtained from the defendant. The affidavit submitted in opposition to this part of the motion states that this statement is a written statement of two pages obtained from the defendant Paul Singer on August 30, 1955 which was freely made by the defendant and signed in the presence of the agents of the Federal Bureau of Investigation. The statement apparently was given by the defendant after he had been taken into custody by the agents of the Federal Bureau of Investigation.

While the motion papers do not describe the rule under which the relief is sought, it is apparent that it must be sought, if at all, under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.[1] This Rule allows the Court, upon motion of the defendant, to order the attorney for the government to permit the defendant to inspect and copy or photograph designated papers "obtained from or belonging to the defendant * * * upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable."

Whether such an order should be granted under this Rule, insofar as it relates to signed statements or confessions given by a defendant after his arrest and before his arraignment, is a matter of discretion for the Court.[2]

1. "Rule 16.· Discovery and Inspection
   "Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

2. Notes of the Advisory Committee on Rules of Criminal Procedure (1945), Note to Rule 16: "The entire matter is left within the discretion of the court." See also Note, "The Scope of Criminal Discovery Against the Government", 67 Harv.L.Rev. 492, 493 (1954).

The extent to which pre-trial discovery should be allowed in criminal proceedings has been the subject of much discussion. The Common Law recognized no right of discovery in criminal cases. Rex v. Holland, 4 T.R. 691, 100 Eng.Reprint 1248 (1792). However, in England today, disclosure is an accepted part of criminal procedure. No accused person can be brought to trial without a preliminary hearing at which all of the witnesses give their testimony and at which the accused may be present and may question the witnesses. 6 Wigmore, Evidence (3rd Ed. 1940), pp. 394, 395. It has been suggested by a distinguished jurist that the same procedure should be followed in this Country. Frank, "Courts on Trial", p. 99 (1949).

█ Although a broad right of discovery has been extended to civil cases, no such broad right exists in criminal cases up to the present time in this Country. The distinction has a logical basis, for in a civil case each side may take the deposition of the other, whereas in a criminal case the government has no power to take a pre-trial deposition of the defendant.[3]

However, when documents belonging to the defendant are seized, the Court has power to allow the defendant to inspect and copy these documents. Rule 16 of the Rules of Criminal Procedure so provides. In the absence of extraordinary circumstances, it would seem only fair that a defendant should be permitted, in preparation for trial, to inspect his own papers which have been seized by the government. That the government recognizes the inherent fairness of such disclosure is shown by the fact that, in the present case, it has no objection to the inspection and copying by the defendant of the documents and papers seized from the defendant at the time of his arrest. Should the same rule apply to a signed statement made by the defendant after his arrest?

Judge Weinfeld has held that a statement signed by the defendant at or about the time of his arrest and given to postal inspectors was a document "obtained" from the defendant within Rule 16, and granted the defendant's motion for an inspection of it. United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423.

There have been conflicting opinions in this Court as to whether the same rule should be applied to transcripts of statements taken from the defendant after his arrest, but not signed by him. In a recent exhaustive and learned opinion by Judge Herlands of this Court, he decided that the defendant was not entitled to a discovery of the stenographic transcript of the questions and answers. United States v. Peltz, D.C., 18 F.R.D. 394. This decision has been followed in other cases by Judges Kaufman and Murphy of this Court.[4] On the other hand, Judge Sugarman ordered discovery of such unsigned statements in United States v. Klein.[5] While a refusal to grant a defendant a copy of his signed confession before trial is not ground for reversal, Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635; Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, the Courts in the District of Columbia have permitted discovery of confessions and statements to the police where the Courts deemed it necessary in the interests of justice that defendant should have such discovery. United States v. Pete, D.C.D.C.1953, 111 F.Supp. 292; United States v. Carter, D.C.D.C. 1954, 15 F.R.D. 367.

There may well be a distinction between a document consisting of a transcript of oral answers made by a defendant after his arrest and a document which is a signed statement of the de-

3. See United States v. Carter, D.C.D.C. 1954, 15 F.R.D. 367.

4. United States v. Louie Gim Hall, D.C., 18 F.R.D. 384; United States v. Gogel, D.C., 19 F.R.D. 107; United States v. Kiamie, D.C., 18 F.R.D. 421.

5. D.C., 131 F.Supp. 807.

fendant taken after his arrest. The unsigned statement is no more than a memorandum by a government agent of his investigation, and to permit a discovery of it might permit a discovery of any other memoranda of the agent's investigation. Such memoranda ordinarily are part of the government's preparation for trial and are not the subject of discovery.

On the other hand, a document signed by the defendant is, at least so far as the signature is concerned, a document belonging to the defendant just as much as a document which had been prepared and signed by him before his arrest.

If a defendant had been properly apprised of his rights at the time of his arrest, it is certainly doubtful whether he would have turned over to the government a signed copy of a statement by him without retaining a copy for himself.

■ Rule 5 of the Rules of Criminal Procedure provides, in part, that an officer making an arrest "shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States." This Rule also provides that the commissioner shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination, and provides: "He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him." The mere fact that some reasonable interval of time occurs between the arrest and the arraignment, or that during that period of time the defendant is interrogated by government agents, is not a deprivation of his rights under this Rule.[6] The defendant, however, is not required to make any statement. If he makes a voluntary statement and

signs it, such statement may be considered to be, for purposes of the Rule, a statement that belonged to the defendant.

■ Fairness would seem to indicate that defendant should be afforded an opportunity to obtain, prior to trial, a copy of his signed statement which he voluntarily had given the government agents after his arrest. In my opinion, the Court has power under Rule 16 to order the government to make available such a document for copying and inspection.

The motion of the defendant is granted. Settle order.

6. United States v. Leviton, 2 Cir., 1951, 193 F.2d 848, 853–855, certiorari denied, 1952, 343 U.S. 946, 72 S.Ct. 860, 96 L. Ed. 1350; United States v. Walker, 2 Cir., 1949, 176 F.2d 564, 567, certiorari denied, 1949, 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547; cf. United States v. Klapholz, 2 Cir., 230 F.2d 494.