**UNITED STATES of America**

v.

**John MALIZIA, Joseph Pasquale Malizia and Eugene Tenore, Defendants.**

United States District Court
S. D. New York.
Sept. 13, 1957.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, William S. Lynch, Asst. U. S. Atty., New York City, of counsel, for United States.

Daniel H. Greenberg, New York City, for defendants John Malizia and Joseph Pasquale Malizia.

IRVING R. KAUFMAN, District Judge.

By this motion defendants John and Joseph Malizia seek a bill of particulars and an opportunity to examine numerous documents now in the possession of the Government. Most of these demands, having already been disposed of upon the argument, the only portion of defendants' motion of present concern to me is that which requests the inspection and copying of statements voluntarily given by the defendants to Government agents. I have had, on two occasions in the past, the opportunity to consider the validity of such a demand. United States v. Gogel, D.C.S.D.N.Y.1956, 19 F.R.D. 107; United States v. Louie Gim Hall, D.C.S.D.N.Y.1956, 18 F.R.D. 384, affirmed although Trial Court conviction reversed, 2 Cir., 1957, 245 F.2d 338. In both cases I decided that Rule 16 and 17(c) of the Rules of Criminal Procedure, 18 U.S.C.A., were not intended to cover the type of materials here requested.

Though a conflict of opinion has developed within this Circuit as to the correctness of this position, a review of the area has failed to disclose any authority which would cause me to retreat from my earlier opinions.

Rule 16 provides that

"Upon motion of a defendant * * * the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects obtained from or belonging to the defendant or obtain from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. * * * "

■ It is difficult to conceive of a statement voluntarily furnished by defendant as constituting a "tangible object" "belonging" to defendant which the Government has appropriated by seizure or process. Instead, the plain meaning and import of the statute would seem to refer to the more tangible objects over which the defendant can assert a possessory interest. Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 844, 11 A.L.R.2d 635. This interpretation is supported by the notes of the advisory committee on rules which clearly indicate that the draftsmen had no conscious intention of including confessions and statements within the purview of Rule 16 (18 U.S.C.A. following Rules of Criminal Procedure, Rule 16). See also statutory history outlined in United States v. Peltz, D.C.S.D.N.Y.1955, 18 F. R.D. 394, 397–398.

Some attempt has been made to distinguish signed statements from unsigned statements presumably upon the theory that by virtue of his signature defendant obtains a possessory interest in his statement. United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423. See United States v. Singer, D.C.S.D.N.Y. 1956, 19 F.R.D. 90, 92–93. Such a distinction cannot be logically justified and has been rejected by the majority of courts considering the problem. Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17; Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635; United States v. Singer, D.C.S.D.N.Y.1956, 19 F.R.D. 90, 93; United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394, 403.

■ While I am in general agreement with the authority just cited it is not necessary to rule directly on this point since defendants have not made any showing that the papers they now desire include any signed statements. As to inspection of unsigned statements by defendants, there seems to be unanimity among the reported decisions that inspection pursuant to Rule 16 should be denied. See Appendix to United States v. Peltz, supra, at pages 408–409; contra, United States v. Klein, D.C.S.D.N.Y. 1955, 18 F.R.D. 439.

■ Defendants assert that what they cannot obtain under Rule 16 they can achieve by resort to Rule 17(c). Rule 17(c) is not a pre-trial discovery device but is designed as an aid in obtaining evidence which defendants can use at trial. See Bowman Dairy Co. v. United States, 1950, 341 U.S. 214, 219–220, 71 S.Ct. 675, 95 L.Ed. 879. Note, The Scope of Criminal Discovery Against the Government, 67 Harv.L.Review, 492, 495–496 (1954). Only where it appears that the defendant may use his statements for evidentiary purposes, may its production be compelled pursuant to Rule 17 (c). Fryer v. United States, 93 U.S. App.D.C. 34, 207 F.2d 134, 137, certiorari denied 1953, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389; United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367, 371. In allowing inspection, however, the trial judge has much discretion and the rule has been construed as sanctioning inspection only when good cause is shown. United States v. Scully, D.C.S.D.N.Y. 1954, 15 F.R.D. 402; United States v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335, 338.

■ The only evidentiary use which a defendant can attribute to his own statements would be for purposes of impeaching the credibility of government wit-

nesses testifying concerning the statements. There has been no showing here that the statements of the defendants are intended to be used for that purpose and I am, therefore, constrained to deny the motion as not encompassed by Rule 17 (c).[1]

However, I need not rest my decision on this point alone. Even if the purposes of the defendants' request fell within the spirit of Rule 17(c) I would, in exercising my discretion, deny the motion. It appears from the Government's affidavits that the statements sought are very brief. The defendant John Malizia gave an unsigned statement in question and answer form of approximately three-quarters of a legal page in length, and the defendant John Pasquale Malizia submitted an unsigned question and answer statement approximately two-and-a-quarter legal pages in length. Consequently, in the event that it develops during the trial that these statements are desired and needed for proper purposes, the defendants at that time and in the discretion of the trial court would have ample time to inspect such statements without any prejudice to their case. See United States v. Gogel, supra.

In denying the motion at this time, I am not unmindful of the possible impact of the Jencks decision, Jencks v. U. S., 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L. Ed.2d 1103, in this area. While the majority of cases construing this decision acknowledge that the holding is inapposite to pre-trial discovery, the rationale of the case may well have some limited application in this context. Rule 17(c), as I have said, permits inspection for evidentiary purposes. This would seem to include use for purposes of impeaching government witnesses. Fryer v. United States, supra; United States v. Carter, supra.

In Jencks, the Court declared that to deny a defendant the opportunity *at trial* to obtain statements in the possession of the F.B.I. of witnesses who had actually testified (other than defendants) for the possible purpose of impeaching these witnesses would be incompatible "with our standards for the administration of criminal justice in the federal courts." Jencks v. United States, supra, 353 U.S. at page 668, 77 S.Ct. at page 1013. It is conceivable that these considerations may find some application to pre-trial inspection with which we are concerned at this instance. However, in the context of this case no conceivable hardship is imposed upon the defendants for they may still have the opportunity at the discretion of the trial judge to examine the brief statements referred to above if there appears to be need for such inspection.[2]

Motion denied.

---

1. Where no such showing is made and the purpose is really in the nature of discovery, i. e. obtaining sufficient information regarding the government's case in order to adequately prepare a defense, there is no authority either under Rule 16 or Rule 17(c) for permitting production or inspection. However, there is some authority to the effect that a trial judge has discretionary power to grant such a request when justice and equity so require. Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635; United States v. Pete, D.C.D.C. 1953, 111 F.Supp. 292. See also Note, The Scope of Criminal Discovery Against the Government, 67 Harv.L.Review, 492, 498–499 (1954). There are no facts present in this case which would warrant the exercise of this type of discretion.

2. The recently enacted legislation which denies inspection to the defendant of witnesses' statements before trial specifically excludes statements by defendants from the purview of the Act. Pub.L. No. 269, 85th Cong., 1st Sess. § 3500(a), Sept. 2, 1957, 18 U.S.C.A. § 3500(a). Examination of the legislative history discloses no reason for such a conscious omission. However, their intention may be gleaned from the statement found in S.Rep. No. 981, 85th Cong., 1st Sess. 2 (1957), U.S.Code Cong. and Adm.News, Sept. 20, 1957, p. 3215, that the purpose of the Bill was to "preserve the rights of any defendant under due process of law and to make certain that the decision in the Jencks case is not to be interpreted by courts, lawyers, or defendants as exposing Government files in a manner

which the Supreme Court, in Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447, called 'any broad or blind fishing expedition among documents possessed by the Government on the chance that something impeaching might turn up.' "

It is reasonable to assume that the framers did not regard the obtaining of statements made by defendants as imbued with the same consequences as attach to statements made by third parties. For this reason I suspect Congress was content to let statements by defendants be subject to the presently existing discretion of the trial court.