UNITED STATES of America, Plaintiff,

v.

Columbus JANNUZZIO and Dominick Merlonghi, Defendants.

Crim. A. No. 1127.

United States District Court
District of Delaware.

July 3, 1958.

Robert W. Wakefield, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

William E. Wiggin (of Richards, Layton & Finger), Wilmington, Del., for defendants.

STEEL, District Judge.

Defendants have been indicted for violating Section 2707(c) of the I.R.C. of 1939 (26 U.S.C. § 2707(c)). They have moved under Criminal Rules 16 and 17 (c), 18 U.S.C., to inspect statements of the defendants in possession of the Government which were made by defendants to Government representatives. The motion under Rule 17(c) was made in conjunction with the service of a subpoena duces tecum upon the United States At-

torney to require him to produce at the trial, or at such earlier time as the Court might fix, the same statements which are the subject of the motions. The Government has moved to quash this subpoena upon the grounds that it is unreasonable and oppressive and the documents are immune from process since they are not subject to discovery under Rule 16. Whether or not the statements sought by defendants were signed by them is not disclosed.

The documents sought by each motion and by the subpoena are (Rule 16 motion, Pars. 2, 3):

"2. Any and all other statements reduced to writing or memorandum form made by defendants to agents, employees or officials of the Internal Revenue Service, Treasury Department, Department of Justice, or other Departments of the United States Government relative to the indictment filed herein.

"3. All transcript or records of testimony taken at any meeting or conferences attended by the defendants and agents, employees or officials of the Internal Revenue Service, Treasury Department, Department of Justice, or other Departments of the United States Government relative to the indictment filed herein (whether taken before or after said indictment was returned) including testimony taken at a conference held about July 1956 in Philadelphia."

The records specified in paragraphs 1 and 4 of the Rule 16 motion have been or will be produced by the Government for the inspection and copying by defendants and no problem exists with respect to them.

1. *Defendants' motion under Rule 16—*

In U. S. v. Bennethum, D.C.D.Del.1957, 21 F.R.D. 227, Judge Layton held that Rule 16 did not authorize the Court to require the Government to produce for inspection and copying by defendant statements made by the defendant to the

Government which were substantially identical to those here involved. The situation presented to Judge Layton is, as I view it, indistinguishable from that before me. Support for Judge Layton's position is found not only in U. S. v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394, which he cites. It is also substantiated by two Court of Appeals decisions—Schaffer v. U. S., 5 Cir., 1955, 221 F.2d 17, 19–20, 54 A.L.R.2d 820 and Shores v. U. S., 8 Cir., 1949, 174 F.2d 838, 843–844, 11 A.L.R.2d 635—and by a number of District Court decisions including U. S. v. Louie Gim Hall, D.C.S.D.N.Y.1956, 18 F.R.D. 384; [1] U. S. v. Kiamie, D.C.S.D.N.Y. 1955, 18 F.R.D. 421; U. S. v. Gogel, D.C. S.D.N.Y.1956, 19 F.R.D. 107; U. S. v. Malizia, D.C.S.D.N.Y.1957, 154 F.Supp. 511, 513; U. S. v. Patrisso, D.C.S.D.N.Y. 1957, 20 F.R.D. 576, 579. Admittedly other District Court decisions are to the contrary, U. S. v. Peace, D.C.S.D.N.Y. 1954, 16 F.R.D. 423; U. S. v. Schluter, D.C.S.D.N.Y.1956, 19 F.R.D. 372; U. S. v. Singer, D.C.S.D.N.Y.1956, 19 F.R.D. 90; U. S. v. Zimmerman, D.C.S.D.N.Y. 1957, 20 F.R.D. 587, each of which involved a statement signed by defendant; and U. S. v. Klein, D.C.S.D.N.Y.1955, 18 F.R.D. 439, involving an unsigned statement. In U. S. v. Kiamie, supra, 18 F.R.D. at page 423, the Court stated that "the overwhelming weight of authority" supports an interpretation of Rule 16 which denies a defendant the right to inspect his own statements given to the Government.

It is said that both by comity and tradition Judges of a multiple-Judge District Court customarily follow a pre-vious decision of a brother Judge upon the same question, except in unusual and exceptional circumstances, Cepo v. Brownell, Jr., D.C.N.D.Cal.S.D.1956, 147 F.Supp. 517, 521; Williams v. Tide Water Associated Oil Co., D.C.W.D.Wash. N.D.1954, 125 F.Supp. 675, 677; [2] or unless required by higher authority, U. S. v. Firman, D.C.W.D.Pa.1951, 98 F.Supp. 944, 946; Cf. Mayer v. Marcus Mayer Co., D.C.E.D.Pa.1938, 25 F.Supp. 58, 61. In deference to this principle and because the Bennethum decision is amply supported by authority, I accept it as controlling and deny the motion of defendants under Rule 16 insofar as it pertains to paragraphs 2 and 3 thereof.

2. *Motion of Government to quash subpoena duces tecum*—All books, papers, documents or other objects designated in a subpoena duces tecum which are evidentiary in character are subject to its reach. A predetermination of the admissibility of the subpoenaed material is not the criterion of the validity of the process. It need only appear that the subpoena is being utilized in good faith to obtain evidence, Bowman Dairy Co. v. U. S., 1950, 341 U.S. 214, 219–220, 71 S.Ct. 675, 95 L.Ed. 879. Written statements of a defendant or oral statements of a defendant which have been reduced to writing by the Government have sufficient potential evidentiary value to a defendant to entitle a defendant to compel their production at the trial. Such production simply assures the availability of the subpoenaed material for use by the defendant if need therefor should arise at the trial. This is all that the subpoena accomplishes.

1. Reversed upon other grounds in U. S. v. Louie Gim Hall, 2 Cir., 1957, 245 F. 2d 338, where the Court said that the applicability of Rule 16 to statements by defendant in the hands of the Government was "a question of no little difficulty" (at page 341).

2. This decision was reversed in Williams v. Tide Water Associated Oil Co., 9 Cir., 1956, 227 F.2d 791, for the reason that the Court of Appeals found a division of decisions among the Judges of the District; hence, it held that the Judge from whom the appeal had been taken was required to consider and decide the question anew and not simply upon what he had mistakenly believed to be the unanimous decisions of the other Judges in his District. Certiorari was denied in 350 U.S. 960, 76 S.Ct. 348, 100 L.Ed. 834.

At the argument the Government conceded that the subpoenaed material was not voluminous or bulky and that it could be produced at the trial without undue burden or inconvenience. It did not deny that the material was evidentiary. In fact, it expressed a willingness to produce the material at the trial, its objection being only to a pre-trial production and inspection by defendants under Rule 17(c).

The motion to quash is therefore denied.

3. *Motion of defendants under Rule 17(c)*—The fact that subpoenaed material may be evidentiary and subject to production at the trial pursuant under a subpoena duces tecum obtained by a defendant does not mean that the defendant is entitled as a matter of right to pre-trial production and inspection under Rule 17(c). Whether pre-trial production and inspection will be required is discretionary. Monroe v. U. S., 98 U.S.App. D.C. 228, 234 F.2d 42, 49, 55, certiorari denied 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed. 2d 76; rehearing denied 352 U.S. 937, 77 S.Ct. 219, 1 L.Ed.2d 170; U. S. v. Ward, D.C.S.D.N.Y.1954, 120 F.Supp. 57, 59; U. S. v. Scully, D.C.S.D.N.Y.1954, 15 F.R.D. 402, affirmed 2 Cir., 225 F.2d 113, certiorari denied 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788; U. S. v. Malizia, supra; U. S. v. Peltz, supra, 18 F.R.D. 404; Fryer v. U. S., 1953, 93 U.S.App. D.C. 34, 207 F.2d 134, 137, certiorari denied 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389; rehearing denied 346 U.S. 928, 74 S.Ct. 305, 98 L.Ed. 420; U. S. v. Carter, D.C.D.C.1954, 15 F.R.D. 367, 371. The Bowman decision is consistent with this view, U. S. v. Schneiderman, D.C.S.D. Cal.C.D.1952, 104 F.Supp. 405, 408; U. S. v. Iozia, D.C.S.D.N.Y.1952, 13 F.R.D. 335, 338; Remmer v. U. S., 9 Cir., 1953, 205 F.2d 277, 284.[3]

In determining whether in a given case discretion should be exercised in favor of or against pre-trial production and discovery under Rule 17(c), it is necessary to keep in mind that although Rules 17(c) and 16 have related purposes, they have different functions and applications. Cf. U. S. v. O'Connor, 2 Cir., 1956, 237 F.2d 466, 476. Rule 16 was intended to provide a limited measure of discovery. It deals with documents and other materials that are in the possession of the Government and provides a means by which the Government may be compelled to make them available to a defendant for his inspection in advance of trial. Bowman Dairy Co., supra, 341 U.S. at pages 218–219, 71 S.Ct. at pages 677, 678. By contrast Rule 17(c) is not a discovery rule. Its chief innovation was to expedite the trial by providing a time and place before trial (or before the documents are offered) for the inspection of the subpoenaed materials. Bowman Dairy Co., supra, 341 U.S. at page 220, 71 S.Ct. at page 678; U. S. v. Carter, supra, 15 F.R. D. at page 371; and cases cited in footnote 27 on page 405 of 18 F.R.D., in U. S. v. Peltz, supra. One of the practical objectives which Rule 17(c) sought to accomplish was to provide a means for sifting in advance of trial documents to be offered in evidence where they were multitudinous, Dession, The New Federal Rules of Criminal Procedure: II, 56 Yale Law Journal, 197, 221 (1947). It is therefore necessary to guard against action under Rule 17(c) which, contrary to its spirit and purpose, is aimed at obtaining discovery. See State v. Hutchins, Del.Super.1957, 138 A.2d 342, 345–346, construing Delaware Criminal Procedure, Rule 17(c) which is identical with that now under consideration.

To induce the Court to grant pre-trial inspection the Rule 17(c) motion alleges that the subpoenaed papers are "evidentiary and relevant"; and a supporting affidavit states that they

"* * * may be material to the conduct of the defense of this action inasmuch as they may show the

3. Reversed on other grounds, Remmer v. U. S., 1954, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654.

utilization of the funds which should have been applied to payment of taxes." [4]

■■■ Neither the motion nor the affidavit gives any clue as to how or under what circumstances the defendants could successfully offer in evidence statements previously made by them concerning their utilization of monies withheld for tax payment. It is, of course, possible that the method which the Government pursues in trying the action—or makes known to defendants in some way in advance of trial—will make it apparent that the subpoenaed statements have evidentiary value to the defendants. If the Government should attempt to discredit defendants with respect to the subject matter of their statements, then under certain circumstances, the statements may be admissible for rehabilitation purposes. Or, if Government representatives testify concerning statements made to them by the defendants, the subpoenaed writings may have evidentiary value to defendants for purposes of impeachment. But all of such possible uses, as I see it, will depend upon the way in which the Government tries its case. Unless the door is opened by the trial tactics of the Government, it seems clear that the subpoenaed papers cannot be admitted in evidence on behalf of defendants in support of their defense. At least the moving papers fail to indicate any reason for reaching a contrary conclusion.

Since the subpoenaed papers have not been shown to have evidentiary value to defendants, I am disinclined to permit pre-trial inspection. This view finds support in the reasoning of the Courts in U. S. v. Malizia, supra, 154 F.Supp. at page 513 and in U. S. v. Kiamie, supra, 18 F.R.D. at page 424. In those decisions, as well as in U. S. v. Peltz, supra; U. S. v. Scully, supra; and U. S. v. Cohen, D.C.S.D.N.Y.1953, 15 F.R.D. 269,

the Courts exercised their discretion against requiring pre-trial production by the Government of statements of a defendant under circumstances not essentially different from those before me. Despite the sweep of the language in Fryer v. U. S., supra, holding that it was error to deny pre-trial production and inspection, the case on its facts is not inconsistent with the test for pre-trial production and inspection which I have postulated. There, the defendant had urged that the production of his statements to the Government would be of aid to a psychiatric witness in determining defendant's mental condition at the time of the crime. A showing had thus been made that defendant's statement could be expected to have evidentiary value to defendant.

Views at variance with the foregoing were reached in U. S. v. Carter, supra, and in U. S. v. Cohen, supra. In the latter, although the pre-trial inspection was denied, it was solely because the defendant had failed to show that the documents were not otherwise procurable, and the Court indicated quite clearly that upon such a showing pre-trial production and inspection would be required (15 F.R.D. at page 273).

These latter decisions are, however, not as persuasive to me as those which have reached a contrary result.

■■■ In the absence of positive authorization to use a subpoena duces tecum in furtherance of discovery typified by Civil Rule 45(d), 28 U.S.C., the purpose of a subpoena duces tecum is to enable a party to obtain evidence at the trial to use in support of *his* case—not to pry into the case of his adversary. A Court should be liberal in a criminal action in holding documents to be evidentiary for the purpose of permitting a party to obtain their production at the trial by subpoena. But pre-trial production and inspection is another story. It

---

4. The motion and supporting affidavit contain other grounds but those stated in the text are the most persuasive from defendants' standpoint.

should be conditioned on some showing by the defendant that the subpoenaed documents have evidentiary—as distinct from discovery—value to him.[5] I refrain from attempting to specify how much showing there must be, for here there was none.

I can, of course, understand why defendants would like to examine for discovery purposes the statements which they made to the Government. But this desire, even though its fulfillment may be of help to defendants in preparing for trial, is not enough to warrant the granting of pre-trial production and inspection.

Different considerations control the right of a defendant to pre-trial inspection of materials when there has been no *prima facie* showing of evidentiary value, and those which prevail where the usefulness of material as evidence becomes apparent at the trial. Cf. U. S. v. Krulewitch, 2 Cir., 1944, 145 F.2d 76, 78, 156 A.L.R. 337; U. S. v. Ward, supra, 120 F.Supp. at page 60. The inspection rights during the course of a trial vouchsafed by Gordon v. U. S., 1953, 344 U.S. 414, 73 S.Ct. 369, 97 L. Ed. 447 and Jencks v. U. S., 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, in distinguishable but not entirely unrelated situations will not be denied to defendants at bar if during the course of the trial it appears that the subpoenaed statements may have evidentiary value to them either for purposes of impeachment, rehabilitation or otherwise.

In U. S. v. Bennethum, supra, Judge Layton denied pre-trial production and inspection under a Rule 17(c) motion directed to documents substantially identical to those here involved. His conclusion is one to which I subscribe. I therefore deny defendants' motion under Rule 17(c).

Let an order be submitted in accordance with this opinion.

---

5. This is a minimum requirement. If it is satisfied, other factors may also be pertinent to the manner in which a Court's discretionary power is exercised.