UNITED STATES of America,
Plaintiff
v.
Harold DUNCAN, Defendant.

UNITED STATES of America,
Plaintiff
v.
Joseph EDMAN, Defendant.

UNITED STATES of America,
Plaintiff
v.
George LOCKWOOD, Defendant.

UNITED STATES of America,
Plaintiff
v.
Edward PEARSON, Defendant.

UNITED STATES of America
Plaintiff
v.
Allen L. SMALL, Defendant.

UNITED STATES of America,
Plaintiff
v.
Ludwig MATTISEN, Defendant.

United States District Court
S. D. New York.
Oct. 1, 1958.

———◆———

Arthur H. Christy, U. S. Atty. for Southern Dist. of New York, New York City, by Robert W. Bjork, Asst. U. S. Atty., New York City, of counsel.

Corcoran, Kostelanetz & Gladstone, New York City, for defendants, by Jules Ritholz, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendants, six tugboat pilots, are charged in individual indictments with evading the internal revenue laws of the United States. Each defendant served upon the Government a subpoena duces tecum calling for the pre-trial production of certain documents, papers and objects in the hands of Government counsel. Defendants then moved pursuant to Rules 16 and 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. to compel the Government to produce the requested documents and to permit the inspection of any documents which were obtained from or belong to the defendants or which were obtained from any other person by seizure or by process. The Government opposes all of these motions and in its affidavit in opposition argues that the subpoenas duces tecum should be quashed.

Because the motions of these defendants raise identical questions of law, at the suggestion and consent of counsel on both sides, I shall discuss them as one, except where otherwise indicated.

The demands contained in defendants' subpoenas and motion papers are sweeping. They were, however, considerably narrowed on oral argument and there remain for me to consider requests for only two types of documents.

All of the defendants demand the opportunity to examine books, papers and other evidence obtained by the Government, voluntarily or by solicitation, from the Dalzell Towing Company and from Mr. Robert A. Aikman, distributing agent for the pool of tugboat pilots of which defendants are members. Defendants also demand to be permitted to examine transcripts of statements made by them to Government agents. In this regard, I need discuss only the requests of defendants Duncan and Lockwood because it was established on the argument that Government agents did not interview any of the other defendants.

The disposition of these motions requires a brief examination of Rules 16 and 17(c) of the Federal Rules of Criminal Procedure.

Rule 16 states:

"Discovery and Inspection.

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the

preparation of his defense and that the request is reasonable."

That the Dalzell and Aikman documents fall without the ambit of this rule is too clear for further discussion. They are plainly not documents obtained from or belonging to the defendant or obtained from others by seizure or process.[1] Cf. e. g. United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367, 368.

Similarly, I hold that Rule 16 is inapplicable to the transcripts of defendants' statements given to Government agents. Some cases have held that signed (as opposed to unsigned) statements by defendants are to be considered tangible objects belonging to the defendant and thus obtainable under Rule 16. United States v. Singer, D.C.S.D. N.Y.1956, 19 F.R.D. 90; See United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423. Others have found Rule 16 inapplicable to defendants' own statements. See United States v. Patrisso, D.C.S.D.N.Y.1957, 20 F.R.D. 576; United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394; United States v. Kiamie, D.C. S.D.N.Y.1955, 18 F.R.D. 421. I have noted on several occasions that I do not believe Rule 16 was ever intended to apply to such statements. United States v. Malizia, D.C.S.D.N.Y.1957, 154 F.Supp. 511; United States v. Louie Gim Hall, D.C.S.D.N.Y.1956, 18 F.R.D. 384, reversed on other grounds, 2 Cir., 1957, 245 F.2d 338; Kaufman, Criminal Discovery and Inspection of Defendant's Own Statements in the Federal Courts, 57 Colum. L.Rev. 1113 (1957).

The point has been much discussed and further comment would not shed more light on the problem. In any event, I need not reach this issue on these motions since there has been no allegation by defendants that the transcripts were signed and indeed the Gov-

---

1. In its affidavit in opposition the Government stated on information and belief that it did not possess any documents, etc. belonging to defendants or obtained from third parties by seizure or process. This assertion was not disputed.

ernment specifically negates this in its affidavit. The weight of authority correctly excludes unsigned statements from the coverage of Rule 16. E. g. United States v. Malizia, supra; United States v. Gogel, D.C.S.D.N.Y.1956, 19 F.R.D. 107; United States v. Chandler, D.C. Mass.1947, 7 F.R.D. 365. See Shores v. United States, 8 Cir., 1944, 174 F.2d 838.

I turn then to the contention that the requested inspections are available under Rule 17(c).[2] The limited purpose of this rule is to avoid delay at trial by providing a "time and a place *before* trial for the inspection of subpoenaed materials." Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 220, 71 S.Ct. 675, 679, 95 L.Ed. 879; United States v. Maryland & Va. Milk Producers Ass'n, D.C.D.C.1949, 9 F.R.D. 509. It is clear that Rule 17(c) is not a discovery device nor is it to be considered an extension of Rule 16. It is available only to a defendant who, in good faith, seeks to obtain evidence to be introduced by him at the trial. Bowman Dairy Co. v. United States, supra; United States v. Louie Gim Hall, supra; United States v. Carter, supra, 15 F.R.D. at page 369.

The rationale and requirements of Rule 17(c) were explored by Judge Weinfeld in United States v. Iozia, D.C. S.D.N.Y.1952, 13 F.R.D. 335. After pointing out that motions under that rule require a showing of good cause, he went on to say:

"Good cause, in my opinion, requires a showing by the defendant,

"(1) That the documents are evidentiary and relevant;

"(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

"(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

"(4) That the application is made in good faith and is not intended as a general fishing expedition." 13 F.R.D. at page 338.

Defendants' demand for material obtained from Dalzell and Aikman fail to meet at least two of these requirements. Defendants have not denied that they have ready access to the company, their employer, and to Mr. Aikman or that any documents they requested from these third parties would be made available to them. It would appear, therefore, that they are obtainable by the exercise of due diligence. The defendants contend, however, that while the documents are available in the literal sense, they are not actually so because defendants' counsel has no way to determine what documents the Government has and intends to introduce at the trial. What we have then is not an attempt to obtain evidence for one's own use. Instead, the request appears to represent the natural desire of any careful attorney to know what is going on at the other table and this would be plain discovery of the Government's case.

But I have already said that Rule 17 (c) was never intended to and cannot be used as a discovery device. Perhaps, in the future, some as yet undrafted rule will compel the disclosure of the Government's case before trial and will be extended to cover a field as broad as that

2. "For Production of Documentary Evidence and of Objects.

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

covered by the Civil Rules on discovery. However, the history of its enactment leaves no doubt that Rule 17(c) was never intended as a discovery weapon.

■ The demand by two defendants for transcripts of their statements presents a similar though perhaps more difficult problem. A few cases have indicated that requests for examination of transcripts of defendants' own statements would be granted almost as a matter of course. United States v. Bryson, D.C.N.D.Cal.1954, 16 F.R.D. 431; United States v. Carter, supra; cf. Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134, certiorari denied 1953, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389. It is the better view, that such motions should be denied at the sound discretion of the court where, as here, the request fails to meet the Iozia standard, or is not a bona fide attempt to obtain impeaching evidence which to be used effectively must be obtained before trial. See United States v. Palermo, D.C.S.D. N.Y.1957, 21 F.R.D. 11; United States v. Louie Gim Hall, supra; United States v. Evangelista, D.C.S.D.N.Y.1957, 20 F.R.D. 631; United States v. Benson, D.C.S.D.N.Y.1957, 20 F.R.D. 602; Kaufman, op. cit. supra, at 1119.

■ Transcripts of defendants' own statements have evidentiary value to them only when used to impeach the credibility of Government witnesses testifying as to these same statements. Thus they become admissible only if and when some testimony concerning these statements is introduced by the Government. Here, as in the Malizia case, there is no showing that the statements will be or are even likely to be used as evidence by the Government. Indeed, defendants have made merely the blanket assertions, with nothing more, that the transcripts are required for the proper preparation of their cases. Further, it was clear at the argument of these motions that the transcripts in question are short and will consume but a few minutes to read, if offered at the trial. Thus, if the Government should introduce testimony concerning the statements, the transcripts could then be made available to defendants by the trial court with no resultant hardship or undue delay. See United States v. Malizia, supra, 154 F.Supp. at page 514; United States v. Louie Gim Hall, supra, 18 F.R.D. at page 386; United States v. Gogel, supra. Cf. Leland v. Oregon, 1952, 343 U.S. 790, 801–802, 72 S.Ct. 1002, 96 L.Ed. 1302.

■ It has been suggested that, quite apart from Rules 16 and 17(c), the court possesses inherent authority to grant these requests for production of material. I stated on a previous occasion, Kaufman, op. cit. supra, at 1117–19, that the judge in his role of administrator of justice in the federal courts has discretion, independent of the Rules discussed, to permit inspection in situations where a denial of the request would subject the defendant to unreasonable hardship in the preparation of his case. Such a situation might arise when, for example, an inspection of defendant's confession is required for the proper preparation of an insanity defense or where defendant seeks the exclusion of a statement by challenging its authenticity. Cf. Application of Tune, 3 Cir., 1956, 230 F.2d 883; People ex rel. Lemon v. Supreme Court, 1927, 245 N.Y. 24, 33, 156 N.E. 84, 87, 52 A.L.R. 200. Defendants have made no showing that any special circumstances exist here and in the absence of such a showing I see no reason to exercise my discretion in favor of ordering the production of the requested material.[3]

3. No reference has been made to Jencks v. United States, 1956, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. It is, of course, the law of this district that neither Jencks nor 18 U.S.C. § 3500 are applicable to the pre-trial phases of a case. United States v. Palermo, D.C.S. D.N.Y.1957, 21 F.R.D. 11; United States v. Benson, D.C.S.D.N.Y.1957, 20 F.R.D. 602.

In view of the foregoing, I deny defendants' motions in their entirety.

Defendants' subpoenas are hereby quashed.

Motions denied.