**MORGAN SMITH AUTOMOTIVE PROD-
UCTS, INC., et al.**

v.

**GENERAL MOTORS CORP.**

**Civ. A. No. 70-2641.**

United States District Court,
E. D. Pennsylvania.

Nov. 2, 1971.

David Berger, Philadelphia, Pa., for plaintiffs.

W. Bradley Ward, Philadelphia, Pa., for defendant.

### MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff has filed a complaint alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, and Section 3 of the Clayton Act, 15 U.S.C.A. § 14. Following the typical course of dis-

covery, the plaintiff issued a set of interrogatories and subsequently filed a motion for an order to compel discovery. In response, the defendant has filed objections to a number of the interrogatories and, in addition thereto, resists the plaintiff's request for the production of certain specific documents.

■ In arriving at our determination, we are restrained to temper our judgment by the limitations that have been imposed upon us by the spirit of discovery rules and the decisions relating thereto which have acknowledged that in civil cases, utmost liberality, in respect to allowing discovery, should prevail in favor of each party as against the other. United States v. Carter, 15 F.R.D. 367 (D.C.D.C.1954).

■ It will serve no useful purpose to examine and re-examine the specific questions asked by the plaintiff in its interrogatories, except to generally note that the main contention is whether the interrogatories should be answered with information relating solely to Chevrolet automobiles or, rather, with information relating to all product lines of automobiles and trucks manufactured by the defendant. The plaintiff seeks the latter, and although the information sought may be considered to be rather broad in scope, nevertheless we believe that the questions propounded do not flagrantly violate the scope of discovery. We do not feel that the objections raised by the defendants fall within the ambit of vexatiousness, harrassment, burdensomeness, or oppressiveness that would provide sufficient justification to uphold them under the liberal federal rules pertaining to discovery. Thus we conclude that the defendant's objections to the interrogatories cannot be sustained.

We turn now to a discussion of the defendant's refusal to provide the documents sought to be examined by the plaintiff. Here, the defendant contends that the volume of labor that would be involved in seeking out the documents would be extremely burdensome as it involves thousands upon thousands of detailed pieces of information. We are in sympathy with the views of the defendant, but as pointed out during the course of oral argument, the plaintiff is not concerned as much with the bits and pieces that make up the whole as he is with the entire picture. Plaintiff would be satisfied if the defendant would submit total figures derived from these documents with reference to the source of calculation. To illustrate, a profit and loss statement may be submitted without turning over to the plaintiff the countless number of purchases, sales, etc. that went into the said statement. The same formulae may be used in providing other information requested.

■ The complaint alleges that the anti-trust violations commenced in 1961, and hence seeks to discover the circumstances that existed at that time. Because there had been a previous action which enveloped the years between 1961 and 1962, and this action had been settled, the defendant claims that the plaintiff is estopped from delving into any circumstances that prevailed prior to the time of the settlement of the previous action, i. e., prior to 1962. We disagree. It may be that any occurrence prior to 1962 may not have evidential value. This will be an issue to be determined at trial. On the other hand, the plaintiff's search into the circumstances that prevailed prior to 1962 can lead to the discovery of facts that would be of assistance to this litigation. Rule 26(b) (1) of the Fed.R.Civ.P., which sets the standards for all discovery, whether by deposition, written interrogatories to parties, or the production of documents, concludes by providing:

> "It is not ground for objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissable evidence."

Therefore, information concerning 1961 transactions may properly be inquired into.

Predicated upon the above, the Court enters the following:

## ORDER

1. The defendant's objections to the scope of the interrogatories are overruled and the answers shall contain information concerning all automotive and truck lines of the defendant.

2. The defendant's objections to the plaintiff's definition of the "relevant time period" are overruled.

3. The plaintiff's motion for an order compelling discovery is granted.

4. The plaintiff's amended request for the production of documents is granted.

It is so ordered.