## RORER INTERNATIONAL COSMETICS, LTD. and Rorer Group, Inc.

### v.

### Robert HALPERN.

### Civ. A. No. 79–1168.

United States District Court, E. D. Pennsylvania.

Dec. 11, 1979.

Ralph W. Brenner, Christopher S. D'Angelo, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Narcisse Brown, Chicago, Ill., for plaintiffs.

Thomas M. Kittredge, Philadelphia, Pa., Robert M. Blum, New York City, for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action in which plaintiffs have sued defendant for alleged fraud and misrepresentation in connection with the sale of stock of Balenciaga Parfums, Inc. In accordance with Fed.R.Civ.P. 9(b), plaintiffs in their complaint made specific allegations of the circumstances giving rise to their cause of action. No allegations concerning defendant's receipt or payment of kickbacks were made. Nevertheless, plaintiffs seek to discover whether such kickbacks have been paid or received by asking defendant about kickbacks in deposition, and requesting information from defendant's bank accounts. Defendant objected to the questions in deposition, and refused to give any answers concerning kickbacks. Defendant has also objected to a subpoena *duces tecum* concerning his bank account records, and has filed a motion for protective order. Plaintiffs oppose this motion, and have moved to compel answers to questions concerning kickbacks in deposition.

Resolution of both motions is contingent upon the relevancy of the kickback issue. Defendant contends that because plaintiffs made no allegations concerning kickbacks in their complaint, the kickback issue is beyond the scope of the lawsuit, and thus is irrelevant and an improper subject for discovery. Defendant believes that Fed.R.Civ.P. 9(b) and the cases emphasizing the need to specify the alleged fraudulent

acts in a case like this support defendant's conclusion. I disagree. Rule 9(b) and the cases cited by defendant concern the need to allege specifically acts of fraud because of the devastating impact which fraud allegations can have. Thus a plaintiff must show some specific basis for his charges of fraud before he will be allowed to prosecute an action based thereon. *See e. g. Segal v. Gordon*, 467 F.2d 602 (2d Cir. 1972). The policies underlying this requirement are no longer apposite once plaintiff has complied, however.[1] *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1296, at 399–400 (1969). Once a plaintiff has shown that his charges are not frivolous or totally unsubstantiated, his suit, like any other suit, becomes subject to the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1. The defendant has shown me no authority, nor have I found any, which holds that a fraud suit is subject to different discovery rules than other federal suits merely because Fed.R.Civ.P. 9(b) imposes more stringent pleading requirements.

█ Fed.R.Civ.P. 26 controls the scope of discovery. The Rule makes any relevant matter discoverable, and states that "[i]t is not ground for an objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). It is well established "that in civil cases, utmost liberality, in respect to allowing discovery, should prevail in favor of each party against the other." *Morgan Smith Automotive Products, Inc. v. General Motors Corp.*, 54 F.R.D. 19, 20 (E.D.Pa.1971), *citing United States v. Carter*, 15 F.R.D. 367 (D.D.C.1954). Viewed in light of this standard, the occurrence *vel non* of kickbacks is clearly discoverable. Its relevance to the question of whether there was any fraud or misrepresentation in connection with the sale of stocks is too obvious to require further comment.

Thus it becomes incumbent upon me to determine the manner in which inquiry into the kickback issue may be made. Clearly plaintiffs should be permitted to question defendant about kickbacks at deposition, and defendant should be required to respond. *See* Fed.R.Civ.P. 27(a)(3). Plaintiffs should also be permitted to investigate defendant's bank records to ascertain whether they reveal any evidence of kickbacks. Such an investigation, however, should be limited to bank records which were made during the time with which this suit is concerned, and should also be limited to records which could reasonably be expected to reflect the suspected activity. *See* Fed.R.Civ.P. 34(a)(1).

Plaintiffs' motion to compel discovery is granted. Defendant's motion for a protective order is granted in part and denied in part, as specified in the accompanying order.

## ORDER

NOW, December 11, 1979, upon consideration of plaintiffs' motion to compel discovery and defendant's motion for protective order, the memoranda submitted by the parties, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that:

1. Plaintiffs' motion to compel discovery is GRANTED.

2. Within twenty days of this order, the defendant shall make himself available to answer, and shall answer at oral deposition all questions relating to kickbacks or other such payments which were or may have been made in the course of or related to the sale of the Balenciaga Parfums, Inc. stock at issue in this case.

3. Defendant's motion for protective order is GRANTED IN PART AND DENIED IN PART.

4. The Republic National Bank of New York shall appear at deposition upon proper notice, and shall produce at that deposition for inspection and copying pursuant to a proper subpoena *duces tecum* all documents evidencing, referring or relating to any

---

1. As noted above, plaintiffs have complied with this requirement in the case at bar in that they specified in their complaint acts which they allege constitute fraud.

account maintained or opened with Republic National Bank of New York on or after January 1, 1976 by defendant Robert Halpern.

5. The parties are at liberty to further limit the scope of the subpoena *duces tecum* by agreement. Should defendant seriously object to the scope of discovery as currently delineated and the parties are unable to agree to any further limitations, the court will conduct an *in camera* inspection of the documents sought to be withheld to determine their relevancy. Should this become necessary, defendant will make a request for an *in camera* inspection by letter to the court, specifying the precise reasons why he considers the documents to be irrelevant.

6. The parties shall bear their own costs incurred in presentation of these motions.